Nathaniel L. Dilger (Bar No. 196203)
Email: ndilger@onellp.com
Deepali A. Brahmbhatt (Bar No. 255646)
Email: dbrahmbhatt@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

John E. Lord (Bar No. 216111)
Email: jlord@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 92660
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff,
THROOP, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THROOP, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | Case No. 2:19-cv-10604 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Throop, LLC ("Throop" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Microsoft Corporation ("Microsoft" or "Defendant") the following:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent Nos. 7,035,897 (the "'897 Patent") and 9,479,726 (the "'726 Patent") (collectively, the "Patents-in-Suit") arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., seeking damages and other relief under 35 U.S.C. § 281, et seq.

## II. THE PARTIES

2. Throop is a California limited liability company having a principal place of business at 3580 Wilshire Blvd., Ste. 1460, Los Angeles, CA 90010.

3. Defendant Microsoft Corporation is a corporation organized under the laws of Washington with its principal place of business located at One Microsoft Way, Redmond, WA 98052. Microsoft's registered agent for Service of Process is located at Corporation Service Company, d/b/a CSC – Lawyering Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## III. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

5. This Court has subject matter jurisdiction over Throop's claims under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within the Central District of California giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice. The Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of

infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and/or 28 U.S.C. § 1400(b). Defendant transacts business within this District and offers for sale in this District products that infringe the Patents-in-Suit. Defendant is registered to do business in California. Defendant has a regular and established place of business in Central District of California. For example, Defendant has offices located at 13031 W Jefferson Blvd., #200, Los Angeles, CA 90094.

## IV. THROOP'S PATENTS-IN-SUIT

8. On April 25, 2006, the '897 Patent, entitled "Wireless Augmented Reality Communication System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '897 Patent is attached as Exhibit A.

9. On October 25, 2016, the '726 Patent, entitled "Wireless Augmented Reality Communication System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '726 Patent is attached as Exhibit B.

10. The inventors listed on the Patents-in-Suit were all engineers who worked at NASA's Jet Propulsion Laboratory. Founded by Caltech faculty, NASA's Jet Propulsion Laboratory is the leading U.S. center for the robotic exploration of the solar system.

11. The '897 Patent has been cited by twenty-four issued United States patents as relevant prior art.

12. Throop is the owner of the Patents-in-Suit asserted in this action and has the exclusive right to sue and collect remedies for past, present, and future infringement of the Patents-in-Suit.

//

## V. ACCUSED PRODUCTS AND/OR SERVICES

13. Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing services for wearable devices, including, for example, Microsoft HoloLens (collectively, "Accused Products and/or Services").

14. The Accused Products and/or Services offer the benefits of Plaintiff's technology by, for example, incorporating a highly integrated radio communication system allowing for true two-way multimedia access via a wearable device.

15. Defendant has had knowledge of the '726 Patent and its infringement since at least the filing of the Original Complaint in this action, or shortly thereafter, including by way of this lawsuit. Defendant has had notice and/or knowledge of the '897 Patent and its infringement since at least December 2010, or shortly thereafter, when Microsoft Corporation cited the '897 Patent on an Information Disclosure Statement on its own patent application (Application No. 12/969,148) that led to issued U.S. Patent No. 8,898,310.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,035,897

16. Throop reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

17. Defendant has infringed and continue to infringe at least claim 1 and one or more of its dependents of the '897 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products and/or Services.

18.     For example, the Accused Products and/or Services meet all of the claim limitations of claim 1 of the '897 Patent, set forth below with claim language in italics.  To the extent the preamble is limiting, the Accused Products and/or Services include *[a] mobile access unit for use in a localized communications system.*



https://www.microsoft.com/en-us/hololens#

19.     The Accused Products and/or Services include *a video input configured to receive real-time video information; a video output configured to provide real-time video information; a wearable display connected to the video output; a codec connected to the video input and video output; and a transceiver.*

4
**COMPLAINT**

https://www.microsoft.com/en-us/hololens#

| Display | |
|---|---|
| Optics | See-through holographic lenses (waveguides) |
| Resolution | 2k 3:2 light engines |
| Holographic density | >2.5k radiants (light points per radian) |
| Eye-based rendering | Display optimization for 3D eye position |

https://www.microsoft.com/en-us/hololens/hardware

20. The Accused Products and/or Services include *a transmitter connected to the codec that is configured to transmit a data stream provided by the codec over an upstream wireless communication link; and a receiver connected to the codec that is configured to receive a data stream transmitted over a downstream wireless communication link, which includes encoded real-time video.*

https://www.microsoft.com/en-us/hololens/apps

WiFi
802.11ac 2x2

Bluetooth
5.0

USB

5
**COMPLAINT**

USB Type-C



https://www.microsoft.com/en-us/hololens/hardware

21. The Accused Products and/or Services include *wherein the codec is configured to: encode real-time video information received from the video input; and multiplex the encoded real-time video with other data to generate the data stream provided by the codec to the transmitter; and wherein the codec is also configured to: demultiplex the encoded real-time video from the data stream provided to the codec by the receiver; and decode the encoded real-time video information and provide the decoded real-time video information to the video output.*



https://www.youtube.com/watch?v=4QiGYtd3qNI

22.     Defendant has committed acts of infringement without license or authorization.  Defendant knew or should have known that its actions would cause direct and indirect infringement of the '897 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

23.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors

including customer-support and/or manufacturers to infringe the '897 Patent. On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '897 Patent. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '897 Patent, of which it had knowledge.

24. Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '897 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '897 Patent. By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has, in the past and continue to contribute to the infringement of one or more claims of the '897 Patent. The Accused Products and/or Services are material to the inventions claimed in the '897 Patent, has no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '897 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant are aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '897 Patent, of which it had knowledge.

25. Defendant is liable for indirect infringement, i.e., both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '897 Patent. For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '897 Patent (*e.g.*, claim 1 and one or more of its dependents). At a minimum, Defendant is liable for the indirect infringement of claim 1 and one or more of its dependents of the '897 Patent.

26. Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '897 Patent.

27. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,479,726**

28. Throop reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

29. Defendant has infringed and continues to infringe at least claims 1, 25 and one or more of its dependents of the '726 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products and/or Services.

30. Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '726 Patent. On information and belief,

1  Defendant acted with objective recklessness by proceeding despite an objective high
2  likelihood that its actions constituted infringement of a valid patent.
3      31.    Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing
4  infringement and continuing to actively induce infringement. Defendant actively
5  induces and continues to induce its customers, distributors, end-users, vendors
6  including customer-support and/or manufacturers to infringe the '726 Patent. On
7  information and belief, Defendant possessed a specific intent to induce
8  infringement, and in fact did induce infringement, by engaging in affirmative acts
9  such as by selling and causing the Accused Products and/or Services to be
10 manufactured, by providing user guides, installation or instruction manuals, and
11 other training materials, by advertising and solicitation and otherwise providing
12 sales-related materials, and by instructing and/or demonstrating to customers,
13 distributers, end-users, vendors including customer-support and/or manufacturers
14 the normal operation of the Accused Products and/or Services that infringe the '897
15 Patent. Defendant is aware and/or willfully blind that these affirmative acts infringe
16 and/or would induce infringement of the '726 Patent, of which it had knowledge.
17     32.    Defendant is also liable under 35 U.S.C. § 271(c) for contributing to
18 and continuing to contribute to the infringement of the '726 Patent by, among other
19 things, providing seamless external storage capability that operates as internal
20 storage in its Accused Products and/or Services and by encouraging, at a minimum,
21 customers, distributors, end-users, vendors including customer-support and/or
22 manufacturers in this District and elsewhere, to infringe the '726 Patent. By
23 importing, exporting, manufacturing, distributing, selling, and/or providing the
24 Accused Products and/or Services for their intended use to customers, distributors,
25 end-users, vendors including customer-support and/or manufacturers, Defendant
26 has, in the past and continue to contribute to the infringement of one or more claims
27 of the '726 Patent. The Accused Products and/or Services are material to the
28 inventions claimed in the '726 Patent, has no substantial non-infringing uses, and

are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '726 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '726 Patent, of which it had knowledge.

33. Defendant is liable for indirect infringement, i.e., both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '726 Patent. For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '726 Patent (e.g., claims 1, 25 and one or more of its dependents). At a minimum, Defendant is liable for the indirect infringement of claims 1, 25 and one or more of its dependents of the '726 Patent.

34. Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '726 Patent.

35. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that Defendant has infringed the Patents-in-Suit;

b) An injunction barring Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns,

from further acts of infringement of the Patents-in-Suit; alternatively, a judicial decree that Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

    c)    An award of damages adequate to compensate for Defendant's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

    d)    An award of trebled damages under 35 U.S.C. § 284;

    e)    A declaration that this case is exceptional under 35 U.S.C. § 285; and

    f)    An award of Plaintiff's costs and attorney's fees under 35 U.S.C. § 285 and other applicable law; and any other remedy to which Plaintiff may be entitled.

Dated: December 16, 2019        **ONE LLP**

        By: /s/ Nathaniel L. Dilger
              Nathaniel L. Dilger
              Deepali A. Brahmbhatt
              John E. Lord

              Attorneys for Plaintiff,
              Throop, LLC

# DEMAND FOR JURY TRIAL

Throop demands trial by jury on all claims and issues so triable.

Dated: December 16, 2019

**ONE LLP**

By: /s/ Nathaniel L. Dilger
Nathaniel L. Dilger
Deepali A. Brahmbhatt
John E. Lord

Attorneys for Plaintiff,
Throop, LLC

**COMPLAINT**