Andrew V. Devkar (Bar No. 228809)
**MORGAN, LEWIS & BOCKIUS LLP**
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Jeffrey R. Gargano (Admitted *pro hac vice*)
Nicholas A. Restauri (Admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
77 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Elizabeth M. Chiaviello (Admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

Attorneys for Defendant,
MICROSOFT CORPORATION

Nathaniel L. Dilger (Bar No. 196203)
Email: ndilger@onellp.com
Deepali A. Brahmbhatt (Bar No. 255646)
Email: dbrahmbhatt@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660 Telephone: (949) 502-2870 Facsimile: (949) 258-5081

John E. Lord (Bar No. 216111)
Email: jlord@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiff, THROOP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THROOP, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>       Defendant. | Case No. 2:19-cv-10604-AB-MRWx<br>Hon. Andre Birotte Jr.<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

     Disclosure and discovery activity in the above captioned patent infringement action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    1.1 GOOD CAUSE STATEMENT

     The parties submit that there is good cause for entry of this Protective Order because they believe certain information that is or will be encompassed by discovery will warrant protection due to the production or disclosure of confidential business information, trade secrets, or other proprietary information that is not available to the public.  Special protection is needed from public disclosure and from use for any purpose other than these proceedings.  Examples of such information that the parties may seek to protect from unrestricted or unprotected disclosure include:

    (a) Information that is subject of a non-disclosure or confidentiality agreement or obligation;

    (b) Agreements with third parties, such as license agreements;

    (c) Research and development information relating to the technology at issue in these proceedings;

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

(d)   Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda, source code, or reports;

(e)   Information related to internal operations such as confidential business practices;

(f)   Information related to sales, profits, costs, revenue, product pricing or other internal non-public financial/accounting information;

(g)   Information related to past, current, or future product development;

(h)   Information related to internal, non-public market analyses and business and marketing development;

(i)   Trade secrets (as defined by the jurisdiction in which the information is located); and

(j)   Information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Unprotected or unrestricted disclosure of such confidential information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information that has been developed at the expense of the Producing Party and represents valuable tangible and intangible assets of that party. Accordingly, the parties submit that there is good cause for entry of this Protective Order.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: shall mean that the Discovery Material so designated includes non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (i) is proprietary to the Designating

3

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Party, e.g., a trade secret or other confidential research, development or commercial information; or (ii) implicates an individual's legitimate expectation of privacy. "CONFIDENTIAL" information shall apply to all information, documents and things responsive to requests for production of documents and things under Fed. R. Civ. P. 34; information produced by other persons that the producing or Designating Party is under an obligation to maintain in confidence; responses to written interrogatories under Fed. R, Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36 or other discovery requests; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31 or during hearings or at trial. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed "CONFIDENTIAL" information. Information originally designated as "CONFIDENTIAL" information shall not retain that status after any ruling by the Court denying such status to it. "CONFIDENTIAL" Information or Items shall include any information designated as "CONFIDENTIAL" and previously produced in connection with this Action, which shall be treated under the terms of this Protective Order once it has been entered by the Court.

2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material under this Order.

2.4     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible

4

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as a testifying expert witness in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall indicate that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, licensing information required to be so designated, any other sensitive or trade secret information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall include any information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and previously produced in connection with this Action, which shall be treated as such under the terms of this Protective Order once it has been entered by the Court.  "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." A Producing Party may specially designate Source Code (whether in electronic or hardcopy form) that is not publicly available as "Highly Confidential Source Code – Attorneys' Eyes Only."

2.7 Designated In-House Counsel: (1) in-house counsel designated by a Party, who have signed the agreement to be bound by the Protective

5

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Order (Exhibit A), and (2) staff of such counsel to whom it is reasonably necessary to disclose the information for this Action, including supporting personnel, such as paralegals, legal secretaries, and legal clerks.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity who is not a Party to this Action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, transcription, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

2.15    Source Code: any computer source code, instructions, data structures, data schema executable code, microcode, RTL, HDL or other hardware description language documents that describe encoding or decoding algorithms used in computer source code, and copies thereof (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments and revision histories disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information that the Receiving Party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Public Documents. None of the restrictions set forth in this Order shall apply to any documents or other information that is already public knowledge or becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Material from another

7

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Party or a non-party or that is discovered independently by the Receiving Party. In addition, the terms of the treatment of the Protected Material shall be effective only upon the effective date of this Order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. In the first instance, it will be presumed that each party or non-party that designates information or items for protection under this Order will have taken reasonable steps to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, where reasonableness takes into consideration the burden and expense of making such designations.

However, if it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify the Receiving Party that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see e.g.*, second paragraph of subsection 5.2(a) below), or as

8

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After  the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the documents containing Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before or after the close of the deposition, hearing, or other

9

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, and the Designating Party has stated on the record that at least some portions of the testimony may be designated under this Order, the designating party shall have up to 21 calendar days following receipt of the certified transcript by counsel for the Parties and, in the event of a third-party witness, counsel for the third party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Until such time as a Designating Party identifies the specific portions of the testimony as to which protection is sought, the entire transcript should be treated as if it was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order, provided however that failure to particularly identify the designated portions of testimony within the 21-day period will not result in a waiver of any confidentiality designation. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

10

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this paragraph. The parties shall attempt to resolve each challenge in good faith, and if the Designating Party does not voluntarily withdraw the challenged designation, the parties must confer directly (in voice to voice dialogue; other forms of communication are not sufficient)

11

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

within ten (10) court days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention. If, following the Meet and Confer set forth in Paragraph 6.2, the Parties cannot resolve a challenge without court intervention, the Challenging Party may thereafter seek an order to alter the confidential status of the designated material. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Order.

Any challenge to a confidentiality designation must comply in full with the joint filing format described in Local Rule 37 for all discovery motions.   If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging a confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive any challenge to the designation. Any motion

12

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and Local Rule 37.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. All Protected Material shall be used solely for this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation and any related appellate proceeding described above has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

(a)    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, and unauthorized access, disclosure, alteration and destruction.

(b)    Patent Prosecution Bar. Any individual attorney, agent, consultant, or expert employed or retained by Plaintiff, who

13

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

reviews any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall not thereafter prosecute or materially assist in the prosecution of any patent application relating to claims encompassing any technology at issue in the Action or any cases related to the Action. For purposes of this paragraph, "prosecution" includes drafting, amending or otherwise affecting the scope of patent claims, but, subject to the other provisions of this Paragraph, shall not apply to patent reexamination proceedings, *inter partes* review proceedings, post-grant review proceedings, or covered business method review proceedings (including amendments in any post-grant proceeding with the United States Patent and Trademark Office) involving one or more patents asserted in this Action brought by a Party to this Action, an affiliate or subsidiary of a Party to this Action, or a third party "privy" as that term is used in 35 U.S.C. § 315(e)(2) with a Party to this Action as long as such person receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" information is not involved in amending any claims in such proceeding. This Prosecution Bar shall begin when access to the material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" is first received by the affected individual and shall end eighteen (18) months after final termination of the specific case involving the Party represented by the individual receiving the

14

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Protected Material. This restriction does not apply generally to the law firms involved in this Action, but applies only to the specified individuals who have actually reviewed material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" in connection with this Action.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in this Order) or non-testifying consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and properly designated under Paragraph 7.6 of this Order;

(c)    the Court and its personnel;

(d)    professional jury or trial consultants (including any support personnel and mock jurors);

(e)    with respect to Discovery Materials from the Designating Party and only during his or her deposition, any person currently employed by that Designating Party or designated by that Designating Party as a witness under Fed. R. Civ. P. 30(b)(6);

15

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     stenographic, videographic, and clerical personnel taking testimony involving such documents, and any staff used by such personnel to edit or finalize testimony;

(h)     Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(i)     a total of two (2) Designated In-House Counsel of each Party to whom such disclosure is reasonably necessary for the oversight, conduct and/or resolution of this litigation, all of whom have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(j)     Two (2) representatives of the Receiving Party, where each such person has been previously identified by providing the Producing Party a completed copy of Exhibit A.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Documents, materials, items, testimony, or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, or copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the persons identified in subsections (a) through (h) of Paragraph 7.2 of this Order and a total of one (1) Designated In-House Counsel of each Party to whom such disclosure is reasonably necessary for the oversight, conduct and/or resolution of this

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

litigation, and one (1) representative on behalf of Throop who may review non-public sales/revenue information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that any such designated individual has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A)[1] and  pursuant to the procedures set forth in Paragraph 7.6 of this Order, as applicable.

---

[1] However, in house counsel for one defendant shall not have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another defendant.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

7.4  Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." To the extent Source Code is produced in this Action, access to such Source Code designated as "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be given only to those individuals associated with the Receiving Party identified in subsections (a), (b), (d) (except excluding mock jurors), or (h) of Paragraph 7.2, individuals associated with the Producing Party identified in subsections (e) and (f) of Paragraph 7.2, or other individuals identified in subsections (c) and (g) of Paragraph 7.2 of this Order and pursuant to the procedures set forth in Paragraph 7.6 of this Order, as applicable.

7.5  Disclosure and Review of Source Code

(a)  Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review Source Code that was produced in electronic form on "stand-alone" computers (on at least two computers) that reside at an office of the producing counsel of record in the Southern California area or at some other mutually agreed location. Access is to be made available during regular business hours (9:00 a.m. to 5:00 p.m. local time) on ten (10) business-days' notice for the initial inspection and three (3) business-days' notice for any subsequent inspection. Any single inspection may span multiple days based on the same notice. No devices capable of recording, copying or transmitting the source code may be brought into the room with the stand-alone computer.

(b)  No recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic

18

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind shall be permitted in the source code reviewing room. The Receiving Party may bring non-networked electronic devices into the inspection room for note-taking, which will not be connected to a local area network ("LAN"), an intranet or the Internet, and has had all image making functionality disabled. Such note-taking computer shall be used for the sole purpose of note-taking.

(c)   No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as explicitly permitted herein.

(d)   The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed, so long as such tools are reasonably necessary to review the Source Code.

(e)   The Producing Party shall allow printing of paper copies of the Source Code at the time of inspection by the Receiving Party or the Receiving Party's consultants or experts (hereinafter, collectively referred to as the "Reviewing Party"). Immediately after printing and without removing the print-outs from the location of the Source Code Computer, the Receiving Party shall provide the print-outs to the Producing Party and the Producing Party will provide Bates-labeled and appropriately designated three (3) copies of the print-outs to the Receiving Party within three (3) business days. The Reviewing Party shall keep all Source Code in a secured container or location at all times as

19

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

1      provided in paragraph 7.1(a). Paper copies of Source Code may

2      not be copied and may not be removed from a secured container

3      or location unless in a secured, private area, except as specified in

4      Paragraph 7.6(i) of this Order.

5    (f)   The Receiving Party shall not print more than twenty-five (25)

6      consecutive pages of continuous Source Code. The Receiving

7      Party may request permission to print additional consecutive pages

8      of continuous Source Code. Such requests shall not be

9      unreasonably denied by the Producing Party. In addition, the

10      Receiving Party shall be limited to printing a total of three hundred

11      and seventy-five (375) pages of Source Code, a page being defined

12      as an 8.5" x 11" paper page with 1.25" margins and using no

13      smaller than a 12 point font. If at the time of inspection and

14      requested printing, the Producing Party objects to the printed

15      portions as excessive and/or not done for a permitted purpose, the

16      Receiving Party shall not be provided with the print portions until

17      such objection is resolved. In the event of an objection, the Parties

18      shall meet and confer within five (5) days of the objection and

19      attempt in good faith to resolve the dispute on an informal basis.

20      To the extent Receiving Party requires an aggregate total of more

21      than 250 pages of source code, the Receiving Party shall make

22      such request in writing, including the basis of such a request. The

23      Producing Party will have five (5) business days to object and

24      provide a good-faith basis to object to the request. If Producing

25      Party objects to the request, and the parties are not able to resolve

26      the issue within ten (10) business days of the request, Receiving

27

28

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Party can move the Court to compel Producing Party to produce the requested source code over the 250-page limit.

(g)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review subject to a reasonable approach that is free from interference that might otherwise impede the representatives' source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the Producing Party's Source Code. For the sake of clarity, the Producing Party will refrain from any monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes or monitoring the contents of the review computer's screen during the review); such monitoring activities will not be considered to be a reasonable approach.

(h)   Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" may not be copied, digitally imaged or otherwise duplicated, unless authorized herein.

(i)   Any documents or things designated "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be stored or viewed only at (i) the site of an inspection conducted pursuant to paragraph 7.6(a) of this Order, (ii) the offices of Outside Counsel for the Receiving Party in the Southern California area; (iii) the offices of outside experts or consultants who have been approved to access Source Code; (iv) the site where any deposition is taken; (v) the court; or (vi) any

21

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

secure intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a locked and secure location, except when being transported pursuant to this subsection, during which time reasonable precautions will be taken to safeguard their confidentiality including storing the source code in a locked container in the possession of Outside Counsel.

(j)    Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, and if the Producing Party requests it, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" as provided for in this Order.

7.6    Notice of Disclosure.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

(a)    The procedure for providing notice of disclosure of Protected Material to the persons described in Paragraph 7.2 (b), (d), and (h) with respect to "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be as follows:

The Party seeking to disclose such information shall, before any such disclosure, provide to each Producing Party:

    (i)    The name of the person or name of the entity to whom Protected Material is being disclosed;

    (ii)    Current contact information for the person or entity (e.g., address, phone number, and email address);

    (iii)    A signed, written acknowledgment by the person, or authorized representative of the entity, that he/she has read this Order and agrees to be bound by its terms, as provided in Exhibit A;

    (iv)    For technical experts and consultants under Paragraph 7.2(b), a current resume and a list of names and general business descriptions of all companies for which the individual has consulted or by which the individual has been employed during the last four (4) years. (Such a listing, as appropriate, may itself be designated as Protected Material.); and

    (v)    Outside Counsel of record shall retain copies of all executed acknowledgements. Within seven (7) calendar days after receipt of the information and written acknowledgment

23

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

described in Paragraphs 7.2 and 7.6, for good cause[2], the Producing Party may object to the disclosure of Protected Material to the proposed recipient by serving a written objection stating the reasons for the objection. In the absence of an objection at the end of the seven (7) calendar day period, the person shall be deemed approved under this Protective Order. If a Party objects, the Parties shall meet and confer to try to resolve the objection. If the Parties are unable to do so, the objecting Party shall file a motion for protective order preventing disclosure of the Protected Material to the proposed recipient to be heard telephonically on the earliest date available, or as otherwise ordered by the Court. Such motions must be filed and served within ten (10) calendar days of service of the Party's written objection. If a motion for protective order is sought by the Producing Party, no disclosure of Protected Material shall be made to the proposed recipient who is the subject of the motion unless and until a court order permitting disclosure to the proposed recipient is permitted. The Objecting Party bears the burden of proof to prevent disclosure to the expert or consultant.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

---

[2] For purposes of this section, "good cause" shall include an objectively reasonable concern that the disclosure of Protected Material to a proposed outside expert or consultant will cause harm to the Producing Party.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

ONLY" "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" that Party must:

    (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order if allowed under applicable protective orders in the other litigation;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

25

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

26

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF MIS-DESIGNATED, PRIVILEGED, OR OTHERWISE PROTECTED MATERIAL

(a)     Inadvertent Failure to Designate. A Party or Non-Party providing Discovery Material that inadvertently fails to properly designate an item pursuant to this Order when it is produced may re-designate that item in order to correct its failure consistent with the obligations and procedures as set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b)     Such inadvertent disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Nothing in this paragraph changes a party's right to challenge a designation under Section 6 of this Order.

(c)     Inadvertent Disclosure of Privileged  or Work Product Information. Inadvertent production or disclosure of Discovery Material or any other material subject to attorney-client privilege, work product immunity, or any other applicable privilege shall not

27

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

constitute a waiver of, nor a prejudice to, any claim that such material or related material is subject to the relevant privilege or protection in this or any other judicial or administrative proceeding. Such inadvertently produced or disclosed material, including all copies thereof, shall be returned to the Producing Party immediately upon receiving a written or on-the-record request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, discuss, or otherwise include the content of such material. No use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. The Producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents. The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

12.   DISCOVERY FROM EXPERTS OR CONSULTANTS

The parties agree the limitations of Rule 26, Fed. R. Civ. P., including Rules 26(b)(4)(B) and (C), shall govern the discovery and disclosure of expert testimony,

28

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

communications, and materials in this case, except "considered" in Rule 26(b)(4)(B)(ii) shall be changed to "relied upon."

For the avoidance of doubt, the parties agree that all communications between a party's counsel and an expert, and all materials generated by a testifying expert, including all drafts of such materials, are exempt from discovery unless relied upon by the expert in forming any opinions in this case. The parties further agree that all communications with a non-testifying (consulting) expert, and all material generated by a non-testifying expert, including all drafts of such materials, are exempt from discovery unless relied upon by a testifying expert in forming any opinions in this case.

13.    MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3   Filing Protected Material.

(a)    Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file, or disclose in the public record, any Protected Material.

(b)    Unless the Court orders otherwise, redacted versions of sealed documents must be filed publicly.

29

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

(c)     A Party seeking to file material under seal with the Court due to the provisions of this Protective Order must submit an appropriate application pursuant to Local Rule of Court 79-5.1.  All Protected Material so filed shall be released from confidential treatment only by order of the Court.

(d)     The parties must not unreasonably file under seal pleadings, motions, or other papers that do not qualify for protection from disclosure under this Order. Rather, the parties must attempt to file unsealed as much of a pleading, motion, or other paper as they reasonably can without undermining the protections conferred by this Order.

13.4    Privilege Log. The Parties to this Action agree that there is no requirement to log privileged documents created on or after the date plaintiff filed its initial complaint in this Action.

13.5    Use and Control of Protected Material. Nothing contained in this Order shall be construed to limit any Receiving Party's rights to use in briefs, at trial, or in any proceeding in this litigation, Protected Material of a Designating Party, subject to the provisions in Section 7 above. Nor shall this Order prevent counsel from examining a witness to determine whether he or she has knowledge of the subject matter comprising Protected Material, so long as such examination shall be in a manner that does not disclose the details of the Protected Material.

13.6    Right to Withhold or Redact. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State, Federal, or foreign regulations. Any such redaction shall be identified clearly on

30

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

1    each page containing redaction, and the redacted material shall be listed

2    on a privilege or redaction log.

3    13.7   Amendment. This Order may be amended with respect to (a) specific

4    documents or items of Protected Material or (b) persons to whom

5    Protected Material may be disclosed, by Court order. This Order shall

6    remain in force and effect indefinitely until modified, superseded, or

7    terminated by order of this Court.

8    14.   FINAL DISPOSITION

9          Within 60 days after the final disposition of this Action, as defined in Section

10   4, each Receiving Party must return all Protected Material to the Producing Party

11   or destroy such material, at the Receiving Party's option. As used in this

12   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13   summaries, and any other format reproducing or capturing any of the Protected

14   Material. Whether the Protected Material is returned or destroyed, the Receiving

15   Party must submit a written certification to the Producing Party (and, if not the

16   same person or entity, to the Designating Party) by the 60-day deadline that affirms

17   that the Receiving Party has not retained any copies, abstracts, compilations,

18   summaries or any other format reproducing or capturing any of the Protected

19   Material. Notwithstanding this provision, outside counsel of record are entitled to

20   retain an archival copy of all pleadings, motion papers, trial, deposition, and

21   hearing transcripts, legal memoranda, correspondence, deposition and trial

22   exhibits, expert reports, attorney work product, and consultant and expert work

23   product, even if such materials contain Protected Material. Any such archival copies

24   that contain or constitute Protected Material remain subject to this Order as set

25   forth in Section 4. Additionally, the Designating Party may permit the use of any

26   Protected Material or portion thereof that it has produced (*e.g.*, for use in related

27   litigations) according to the terms of this Order and/or upon such terms that satisfy

28

31

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

1  the Designating Party that the Protected Material will be sufficiently protected
2  (*e.g.*, under the protective order of another case).  Nothing in this order requires a
3  Party to destroy any information it is required by law to retain or to alter its back
4  up/archive systems.

5     Notwithstanding the above, this paragraph does not apply to the Court, its
6  personnel, or its employees.

7  15.   OTHER PROCEEDINGS

8     By entering this order and limiting the disclosure of information in this case,
9  the Court does not intend to preclude another court from finding that information
10  may be relevant and subject to disclosure in another case. Any person or party
11  subject to this order who becomes subject to a motion to disclose another party's
12  information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE –
14  ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that
15  party of the motion so that the party may have an opportunity to appear and be heard
16  on whether that information should be disclosed.

18  **IT IS SO ORDERED**

20  Dated: August 27, 2020        _____

21                     THE HONORABLE MICHAEL R. WILNER
                       U.S. MAGISTRATE JUDGE

32

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type employer/entity that you represent, if any], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Throop, LLC v. Microsoft Corporation*, 2:19-cv-10604-AB-MRW, agree to comply with and to be bound by all the terms of that Stipulated Confidential Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to that Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the aforementioned Stipulated Protective Order, even if such enforcement proceedings occur after termination of the above-captioned action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Title:_____

Address:_____

Phone number:_____

Email address:_____ Signature:_____

1

**EXHIBIT A TO STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**